HUGH M. PLUMMER *&* *als.* *versus* THOMAS MORRILL *&* *als.*

An award, executed in duplicate and delivered by the referees to each of the parties, is thereby published.

When an award is made for the payment of money unconditionally, the party becomes liable upon publication of the award without any demand.

In such case, a suit may be commenced upon the bond given to secure performance of the award, at any time after publication.

ON REPORT by DAVIS, J.
The case is stated in the opinion.

*E. & F. Fox*, for plaintiffs.

*Howard & Strout*, for the defendants.

The bond is collateral to the award, and mere security for its performance; and no action would lie thereon until there should be a breach by the principal obligor; and no breach could occur until he had failed to perform the award within the time allowed him by law. The award provides no time for the payment of the money. In such cases, payment is to be made within a reasonable time. Caldwell on Arbitration, 128, 148; 2 Parsons on Con., c. 3, § 5; Chitty on Con., c. 5, § 3; *Rayson* v. *Windsor*, Brownl., 53.

"With respect to money awarded from one party to the other, and no time mentioned within which it is to be paid, the courts will intend that it is to be paid within a reasonable time." Caldwell on Arbitration, 128.

An award of money, and no time for payment mentioned in the award, is payable " immediately, viz., in a convenient time." Comyns' Dig., Condition G, 5.

What is a reasonable time, (the facts being ascertained,) is a question of law, and must depend upon the circumstance of the case. 2 Parsons on Con., c. 3, § 5; *Cocker* v. *Franklin Hemp and Flax Co.*, 3 Sum., 530; *Darlington* v. *Ulph*, 13 Ad. & El., 207. PATTESON, J.

This bond furnishes no cause of action, until failure of the principal obligor to perform or pay what the referees should

award against him. It is not, therefore, a bond payable presently, as a note on demand, but is, in effect, payable after an award should be made, and after a failure, by the principal obligor, to perform the award within a reasonable time after it should be made should occur, and not before.

The principal obligor was entitled, at least, to the whole day on which the award was made, to perform or pay, as the award might be.

The principal obligor, therefore, had not failed to perform the award, so as to cause a breach of the bond at the time this action was brought, because the time within which he had the right to perform the award had not then elapsed.

The general rule is, that a debtor on bond has the entire day of payment in which to save a breach. *Harris* v. *Blen*, 16 Maine, 175; *Skidmore* v. *Little*, 4 Texas, 301; U. S. Digest, vol. 16, p. 14, § 85; *Erksine* v. *Erksine*, 13 N. H., 436; *Blake* v. *Niles*, 13 N. H., 459; 2 Parsons on Con., c. 3, § 5.

The opinion of the Court was drawn up by

RICE, J.— This is debt on an arbitration bond. The only question presented is, whether the action was prematurely commenced. The case finds, that the referees, after a full hearing of the parties, on the 31st day of December, 1857, at about fifteen minutes before four o'clock, P. M., handed to each of the parties their award executed in duplicate.' The defendant, Thomas Morrill, after the award was made and handed to him, conversed about it in presence of one of the plaintiffs and the referees, saying " it was a hard case for him; that he was unable to pay a dollar, and that he pitied his bondsmen." The writ was made at nine o'clock, P. M., of the same day.

The act of the referees was a publication of their award. *Knowlton* v. *Homer*, 30 Maine, 552. The award is for the payment of a sum of money, unconditionally.

When an award is made for a sum of money unconditionally, the party becomes liable to pay, upon publication of the

award, according to its terms, without any demand. *Thompson* v. *Mitchell*, 35 Maine, 281.

In such case, the sum awarded is due presently.

*Defendants to be defaulted.*

TENNEY, C. J., APPLETON, GOODENOW, DAVIS and KENT, JJ., concurred.